IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRUCE ALLEN BELKNAP, # 294954, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-72-WHA-JTA |
| | ) | (WO) |
| JEFFERY BALDWIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Bruce Allen Belknap, an Alabama inmate, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his Chilton County convictions for two counts of sexual abuse of a child less than twelve years old and one count of first-degree sexual abuse. Doc. No. 1.[1] For the reasons discussed below, the undersigned recommends that Belknap's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

### I.   INTRODUCTION

**A.   State Court Proceedings**

On November 12, 2013, Belknap pled guilty under a plea agreement in the Chilton County Circuit Court to two counts of sexual abuse of a child less than twelve years old, in violation of ALA. CODE § 13A-6-69.1, and one count of first-degree sexual abuse, in

---

[1] References to documents filed in this case are designated as "Doc. No." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

violation of ALA. CODE § 13A-6-66(a)(1). Doc. No. 11-1 at 2; Doc. No.11-3. On May 16, 2014, Belknap was sentenced to 18 years' imprisonment for each conviction of sexual abuse of a child less than twelve years old and to 10 years' imprisonment for the conviction of first-degree sexual abuse, with all sentences to run concurrently. Doc. No. 11-5. Belknap did not appeal.[2]

On February 4, 2015, Belknap filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[3] Doc. No. 11-9. Belknap's Rule 32 petition presented claims that: (1) his guilty plea was involuntary; (2) his trial counsel was ineffective; and (3) the State breached the plea agreement. *Id.* at 9–12. On April 20, 2015, after conducting a hearing, the trial court entered an order denying the Rule 32 petition. Doc. No. 11-12. Belknap did not appeal the denial of his Rule 32 petition.[4]

---

[2] In his § 2254 petition (Doc. No. 1 at 2), Belknap asserts that he appealed his convictions, but that does not appear to be so. There is no record to support his assertion. The state trial court's case action summary (Doc. No. 11-1) does not reflect that Belknap filed a notice of appeal, and a search of the Alabama Court Information System ("ACIS") reflects that Belknap has never had a case pending in the Alabama Court of Criminal Appeals (Doc. No. 11-13).

[3] The court applies the "prison mailbox rule" to determine the filing dates of Belknap's Rule 32 petition and his federal habeas petition. Under the prison mailbox rule, a *pro se* petition is deemed to be filed on the date a prisoner delivers the petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[4] Belknap asserts (Doc. No. 1 at 3–8) that he filed two Rule 32 petitions and that they were both appealed. However, this assertion is not supported by the record. Searches in Alacourt and the ACIS show that Belknap filed only one Rule 32 petition challenging his convictions (Doc. No. 11-8), and that he did not appeal the result in that proceeding (Doc. No. 11-3).

**B.     Belknap's § 2254 Petition**

Belknap, proceeding *pro se*, filed this 28 U.S.C. § 2254 petition on January 25, 2021.[5] Doc. No. 1. In his petition, Belknap presents claims that: (1) the trial court erred in denying his Rule 32 petition; (2) his counsel rendered ineffective assistance; (3) he was coerced into the plea agreement; and (4) there was no DNA evidence against him, and he was convicted based on hearsay. *Id*. at 5–8. Respondents contend that Belknap's § 2254 petition is time-barred.[6] Doc. No. 11 at 5–6. The undersigned agrees and recommends that the petition be denied without an evidentiary hearing and dismissed with prejudice.

## II.     DISCUSSION

**A.     One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the

---

[5] Belknap's habeas petition was date-stamped as received by the court on January 26, 2021. Doc. No. 1 at 1. However, applying the prison mailbox rule, the court deems the petition to be filed on January 25, 2021, the date Belknap says he signed the petition and presumptively delivered it to prison authorities for mailing. *Id*. at 15.

[6] Respondents also argue that Belknap's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Doc. No. 11 at 6–8. Because the petition is time-barred, the court pretermits discussion of Belknap's procedural default.

>Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.    Computation of Timeliness**

In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Belknap took no direct appeal from his Chilton County convictions, his judgment of conviction became final for federal habeas purposes on June 27, 2014, i.e., 42 days after his May 16, 2014 sentencing. *See* Ala. R. App. P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42 days after sentencing); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Thus, for Belknap, the AEDPA statute of limitations to challenge his convictions began to run under § 2244(d)(1)(A) on June 27, 2014. Absent some tolling event, whether statutory or equitable, he had one year, or until June 29, 2015 (the first business day after Saturday,

June 27, 2015), to file a § 2254 petition challenging his convictions. As next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA filing deadline beyond that date.

### 1. *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year statute of limitations is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). As recounted above, on February 4, 2015—when 222 days of the limitation period had run[7]—Belknap filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled AEDPA's statute of limitations. Because Belknap did not appeal from the trial court's April 20, 2015 ruling denying his Rule 32 petition, the state court proceedings on the Rule 32 petition concluded on June 1, 2015, i.e., 42 days after the trial court's ruling. *See* Ala. R. App. P. 4; Ala. R. Crim. P. 32.10(a). With the conclusion of the Rule 32 proceedings, AEDPA's statute of limitations began to run again, with 143 days (365 days – 222 days) remaining on the federal clock.[8] No other tolling event occurred in that time. Thus, Belknap had until October 22, 2015,[9] to file a timely § 2254 petition.

Belknap sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Namely, Belknap has not shown that an unlawful state action

---

[7] From June 27, 2014, to February 4, 2015.

[8] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

[9] October 22, 2015 was 122 days after June 1, 2015.

impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.

Here, the AEDPA statute of limitations expired on October 22, 2015. Belknap filed his § 2254 petition on January 25, 2021—making it untimely under the statute by over 5 years.

### 2. *Equitable Tolling*

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden to establish that equitable tolling is warranted falls upon the petitioner. *Hunter*, 587 F.3d at 1308. Here, Belknap makes no argument that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitations period in his case. Therefore, his petition is subject to dismissal for untimeliness, and his claims are not subject to federal habeas review.

## III.  CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Belknap's 28 U.S.C. § 2254 petition be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A) and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **November 25, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of November 2022.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE