IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE ALLEN BELKNAP,<br>#29454,<br><br>  Petitioner,<br><br>  v.<br><br>JEFFERY BALDWIN, warden,<br>STEVEN T. MARSHALL, Attorney<br>General for the State of Alabama,<br>and the STATE OF ALABAMA,<br><br>  Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:21-CV-72-WKW<br>)      [WO]<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

  Before the court is the Recommendation of the Magistrate Judge. (Doc. # 13.) The Recommendation concludes that Petitioner filed his 28 U.S.C. § 2254 motion more than five years outside the statute of limitations and recommends that the court deny the motion as untimely under 28 U.S.C. § 2244(d)(1)(A). (Doc. # 13, at 6–7.) Mr. Belknap timely filed objections. (Doc. # 14.) Based upon a *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636, the court finds that the Recommendation is correct and that the objections lack merit. Accordingly, the Recommendation will be adopted. Also, a certificate of appealability will be denied.

## I. OBJECTIONS TO THE RECOMMENDATION

**A.     Equitable Tolling of the AEDPA's One-Year Statute of Limitations**

Two of Mr. Belknap's objections rely on equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. A petitioner is entitled to equitable tolling if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); (*see also* Doc. # 13 at 6–7 (discussing Belknap's failure to invoke equitable tolling).)

First, Mr. Belknap suggests that his conviction was obtained through "false evidence," but he does not specify what evidence he contends is false. (Doc. # 14 at 1–2.) His conclusory objection is insufficient to meet his high burden of showing that equitable tolling is warranted. *Pace*, 544 U.S. at 418; (*see also* Doc. # 13 at 7 (explaining that conclusory objections will not be considered).)

Second, Mr. Belknap asserts that the Rule 32 judge coerced him into forgoing an evidentiary hearing on his Rule 32 petition by threatening to sentence him to significantly more time in prison. This claim also was not presented in Mr. Belknap's § 2254 petition, where Belknap argued instead that the trial judge pressured him into pleading guilty with the threat of imposing a stiff sentence if he were convicted after trial. However, the new argument pertaining to the Rule 32 judge's alleged threat of a stiffer sentence does not rise to the level of an

extraordinary circumstance to support equitable tolling of the one-year statute of limitations. Mr. Belknap has not shown how this circumstance is so extraordinary that it prevented him from seeking relief under § 2254. *Pace*, 544 U.S. at 418. These objections lack merit.

**B.     Actual Innocence**

For his third objection, Mr. Belknap invokes the actual innocence exception. The AEDPA's statute of limitations does not apply to habeas petitions that make "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

Mr. Belknap reargues his claim that there was no DNA evidence admitted at his trial and that his conviction rested on hearsay. However, neither in his § 2254 petition nor in his objections does he present this claim as one of actual innocence. Even if he had, his assertions that hearsay evidence invaded the trial and that there was an absence of DNA evidence would not sustain a claim of actual innocence. At best, these assertions are challenges to the sufficiency and weight of the trial evidence; they are do not amount to new reliable evidence of actual innocence. *See*

3

*Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that a claim of actual innocence must be supported by "reliable evidence not presented at trial"). Without a threshold showing of actual innocence, Mr. Belknap's showing is not credible, and he cannot rely on this exception to circumvent the one-year filing window. This objection lacks merit.

C.   **Summary of Objections**

For the foregoing reasons, the Recommendation properly rejects Mr. Belknap's § 2254 motion as untimely. Mr. Belknap has not explained how the AEDPA statute of limitations was incorrectly applied to his case, nor has he demonstrated any exception to excuse his untimely filing.

## II. CERTIFICATE OF APPEALABILITY

For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the

4

correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Reasonable jurists would not debate that Mr. Belknap's motion pursuant to 28 U.S.C. § 2254 was time-barred under § 2244(d)(1)(A). Reasonable jurists also would not debate whether Mr. Belknap was entitled to equitable tolling of the limitations period. Accordingly, a certificate of appealability will be denied.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

(1) Mr. Belknap's objections (Doc. # 14) are OVERRULED.

(2) The Magistrate Judge's Recommendation (Doc. # 13) is ADOPTED.

(3) Mr. Belknap's 28 U.S.C. § 2254 petition is DENIED as time-barred, and this action is DISMISSED with prejudice.

(4) A certificate of appealability is DENIED.

Final judgment will be entered separately.

DONE this 7th day of December, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE